IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEROY SHELLEY,                           :
                                         :
          Petitioner,                    :
                                         :
     v.                                  :          C.A. No. 24-795-GBW
                                         :
BRIAN EMIG, Warden, and                  :
ATTORNEY GENERAL OF THE                  :
STATE OF DELAWARE,                       :
                                         :
          Respondents.                   :
_____  :

**MEMORANDUM**

## I.    INTRODUCTION

In April 1998, while he was incarcerated in Pennsylvania, Petitioner Leroy
Shelley ("Petitioner") was indicted in Delaware on charges of robbery and related
charges. *See Shelley v. Filino*, 2013 WL 6092806, at *1 (D. Del. Nov. 18, 2013).
On November 7, 2007, a Delaware Superior Court jury convicted Petitioner, *inter
alia*, of two counts of first degree robbery and two counts of possession of a
firearm during the commission of a felony.  In March 2008, the Delaware Superior
Court sentenced him to a total of twenty-four and one-half years at Level V, to be

suspended after serving eighteen and one-half years for decreasing levels of supervision. Petitioner did not file a direct appeal. *See id.*

In September 2010, Petitioner filed in this Court his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ( *See* D.I. 1 in *Shelley v. State*, Civ. A. No. 10-1019-GMS) The Honorable Gregory M. Sleet denied that petition as time-barred in February 2012. *See Shelley v. Att'y Gen of Del.*, 2012 WL 379907, at *5 (D. Del. Jan. 31, 2012). Thereafter, in October 2012, Petitioner filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Judge Sleet dismissed for lack of jurisdiction because it constituted an unauthorized second or successive petition. *See Shelley*, 2013 WL 6092806 at *2.

In June 2015, Petitioner filed documents challenging his 2007 conviction on the basis that his 1998 indictment and his 2007 re-indictment were defective. *See Shelley v. Wharton*, 2015 WL 6871402, at *1 (D. Del. Nov. 6, 2015). He also contended that the Delaware Superior Court erred in denying his most recent Rule 61 motion as time-barred in *State v. Shelley*, 2014 WL 5713236 (Del. Super. Ct. Oct. 27, 2014). *See Shelley,* 2015 WL 6871402, at *1. Construing the documents to be requests for habeas relief, Judge Sleet denied the requests after determining that they constituted an unauthorized second or successive habeas petition. *Id.* at *1-*2.

2

Petitioner began serving his Delaware sentence on January 6, 2017. *See State v. Shelley*, 2023 WL 8373204, at *2 (Del. Super. Ct. Dec. 4, 2023). In August 2017, Petitioner filed in this Court a document titled "Writ of Prohibition – Petition for Extraordinary Writ," asserting that the Delaware Superior Court lacked jurisdiction to convict him because (1) the statute of limitations had expired, and (2) the 2007 re-indictment was defective on its face. (*See* D.I. 1 in *Shelley v. Wharton*, Civ. A. No. 17-1245-GMS) After determining that the document constituted an unauthorized second or successive habeas petition, Judge Sleet dismissed it for lack of jurisdiction. (*See* D.I. 3 and D.I. 4 1 in *Shelley v. Wharton*, Civ. A. No. 17-1245-GMS)

In July 2018, Petitioner filed his fourth petition for a writ of habeas corpus. (*See* D.I. 1 in *Shelley v. Metzger*, Civ. A. No. 18-1035-RGA) Petitioner argued that he was entitled to habeas relief because (1) his re-indictment in 2007 violated Delaware law and deprived the Delaware Superior Court of jurisdiction over his proceeding; (2) the State violated the Interstate Agreement on Detainers; and (3) the mandatory portion of his sentences for PFDCF are illegal because he committed the crimes in 1997 before the Delaware General Assembly enacted the statute making a PFDCF sentence mandatory in 2001. (*See id.* at D.I. 1 at 1-5) The Honorable Richard G. Andrews denied the petition for lack of jurisdiction

3

because it constituted an unauthorized second or successive habeas petition for §

2244(b) purposes. *See Shelley v. Metzger*, 2018 WL 4518670, at *2 (D. Del. Sept.

20, 2018).

In December 2023, Petitioner filed in the Delaware Superior Court a Rule

35(a) motion for correction of illegal sentence, arguing that: (1) his two 2008

sentences for PWDCF violated the *ex post facto* law, because they contained

"mandatory no good time stipulations from the judge pursuant to a law passed in

Delaware in 2001 although his offense happened in Feb 1997" (D.I. 1-1 at 13,

Entry No. 100; D.I. 1-1 at 21); and (2) the Delaware Department of Correction

refuses to give him good time credits (D.I. 1-1 at 21). For relief, Petitioner asked

the Delaware Superior Court to resentence him. (D.I. 1-1 at 21) The Superior

Court denied Petitioner's Rule 35(a) motion, explaining: (1) in 2019, the PFDCF

statute was amended such that good time may earned by persons convicted of

PFDCF; (2) Petitioner's PFDCF sentence never contained any mandatory "no good

time" stipulation; and (3) "the factual premise upon which [Petitioner's Rule 35(a)

motion was] based is incorrect," because Petitioner is "receiving good time credits

for the PFDCF convictions and has been since his return to DOC custody in 2017."

*Shelley*, 2023 WL 8373204, at *2-3. The Delaware Supreme Court affirmed that

4

decision. *See Shelley v. State*, 319 A.3d 307 (Table), 2024 WL 2148632 (Del. May 13, 2024).

Presently pending before the Court is a handwritten document titled "Motion for Relief from a Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)." (D.I. 1)  Petitioner asserts: (1) the Delaware Attorney General committed fraud and engaged in misconduct during the litigation of his 2023 Rule 35 motion by providing incorrect information regarding his good time credit (D.I. 1 at 3-5); and (2) when sentenced in 2008, the Superior Court retroactively applied a new sentencing law in violation of the *ex post facto* clause, thereby depriving him of due process (D.I. 1 at 5).  Petitioner alleges he is not seeking to vacate any judgment but, instead, he is looking for relief under Rule 60(b), and asks the Court to "issue a ruling relieving [him] of the Superior Cour's judgment." (D.I. 1 at 5-6; D.I. 3 at 1)

## II.    LEGAL STANDARDS

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted

legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). Federal Rule of Civil Procedure 60(b) only authorizes a district court to vacate its own orders and judgments in the civil context; it does not authorize a district court to vacate a state criminal judgment or order. *See Florimonte v. Borough of Dalton*, 2017 WL 7542619, at *4 (M.D. Pa. Dec. 14, 2017); *Green v. Coleman*, 2014 WL 1050542, at *2 (W.D. Pa. Mar. 18, 2014); *see also Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006) ("Federal Rules of Civil Procedure 'govern the procedure in the United States district courts in all suits of a *civil* nature' .... Thus, Rule 60(b) cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

In turn, pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim

6

that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.    DISCUSSION

Rule 60(b) does not authorize the Court to vacate or otherwise reconsider a state court judgment. Thus, to the extent Petitioner seeks relief from the Delaware state courts' denial of his 2023 Rule 35(a) motion for correction of illegal sentence under Federal Rule of Civil Procedure 60(b), the Court lacks jurisdiction to grant such relief.

To the extent Petitioner alleges that the Superior Court violated the *ex post facto* clause when it imposed his PFDCF sentences in 2008, Petitioner is collaterally attacking the validity of his original PFDCF sentences. After reviewing Petitioner's instant contention in context with his earlier habeas proceedings, it is apparent that his *ex post facto* argument constitutes a second or successive habeas request for the purposes of § 2244(b). For instance, the instant argument challenges Petitioner's 2008 sentence in the Delaware Superior Court, which is the sentence Petitioner challenged in his first habeas petition; Petitioner could have asserted this argument in his first petition; and the denial of Petitioner's first petition as time-barred was an adjudication on the merits for the purposes of

7

28 U.S.C. § 2244(b).  *See Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005);

*Benchoff*, 404 F.3d at 817-18.

Petitioner does not allege, and the record does not indicate, that the Third

Circuit Court of Appeals authorized the filing of the pending petition.

Consequently, the Court concludes that it lacks jurisdiction to consider the instant

unauthorized second or successive habeas request.  *See* Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. §

2254; *Robinson*, 313 F.3d at 139.  In addition, the Court concludes that it would

not be in the interest of justice to transfer this case to the Third Circuit, because

nothing in the instant petition comes close to satisfying the substantive

requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).

Accordingly, the Court will dismiss the instant unauthorized second or successive

habeas request for lack of jurisdiction.  *See* Rule 4 of the Rules Governing Section

2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing

summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).


Finally, Petitioner contends that, contrary to the State's assertion in his 2023

Rule 35 proceeding, the Delaware Department of Correction is not applying good

time credit to his sentence.  (D.I. 1 at 3-4)  Although not entirely clear, Petitioner

appears to be asking the Court to order the Superior Court to calculate the correct amount of good time credit to be applied to his sentence.  The Court cannot grant Petitioner this relief because it lacks jurisdiction to compel a state official to perform an action.[1]  *See* 28 U.S.C. § 1361 (the district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the *United States or any agency thereof* to perform a duty owed to the plaintiff.") (emphasis added); *In re Wolenski*, 324 F.2d 309 (3d Cir, 1963) (explaining that the district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").  The Court also lacks jurisdiction to grant Petitioner's request to "appoint [] a different Superior Court judge in regards [sic] to any future litigation of this matter."  (D.I. 1 at 6)

## IV.   CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Rule 60(b) Motion and construed habeas request for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed

---

[1]Additionally, it appears that Petitioner has not exhausted state remedies for his request for a calculation of good time credit. *See Burris v. State,* 255 A.3d 951 (Table), 2021 WL 2588087, at *1 (Del. June 23, 2021) (explaining that "a writ of mandamus in the Superior Court, and not a motion under Rule 35(a), is the proper procedural vehicle to challenge the Department of Correction's calculation or application of good-time credits.").

9

to make a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).  A separate Order will be entered.


Dated:  October 28, 2024

_____

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

10